UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| ELI T. GARNISH, | ) |
|     Plaintiff, | ) 1:07-cv-00008 JWS |
| vs. | ) ORDER FROM CHAMBERS |
| M/V EYAK LLC; AQE FISHERMAN SERVICES, LLC; DAVID S. CASTLE; F/V EYAK, O.N. 241454, her tackle, gear, furniture, apparel and equipment, | ) [Re: Motion at Docket 34] |
|     Defendants. | ) |

## I. MOTION PRESENTED

At docket 34, defendant M/V EYAK LLC ("EYAK") moves for an order compelling plaintiff Eli T. Garnish ("Garnish") to provide complete responses to Interrogatory No. 5 and Request for Production No. 3. Defendant moves further to compel plaintiff to sign EYAK's release, authorizing disclosure of medical records pertaining to Garnish's treatment for drug abuse, alcoholism, HIV/AIDS, and mental illness. Garnish denies that any such medical information exists, objects to its being discoverable, and opposes the motion at docket 40. EYAK's reply is filed at docket 42. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

This action arose out of injuries suffered by Garnish while employed by EYAK as a seaman aboard the F/V EYAK. Garnish's right hand and arm were injured while he

was trying to repair a "large industrial machine."[1] Garnish's complaint against EYAK, AQE Fisherman Services, LLC, and David S. Castle alleges negligence and unseaworthiness. It seeks recovery for physical injuries, present and future medical expenses, and "lost earnings and lost earning capacity, pain and suffering, anguish, disfigurement, psychological stress, disability and loss of enjoyment of life."[2]

The motion to compel was made in response to conflicts that arose between the parties during discovery. Request for Production No. 2 asked Garnish to "produce all records of any doctor, hospital or other medical care provider rendering care, treatment or other services as a result of the injury which is the subject of this case."[3] Plaintiff complied with this request with respect to his wrist injuries, but submitted a release form that expressly withheld authorization for the release of medical records related to past treatment for alcohol and drug abuse, mental illness, and HIV or AIDS.[4]

Request for Production No. 3 asked Garnish to "produce all records of any doctor, hospital, or other medical provider rendering care, treatment or other services, for whatever reason within the ten (10) years immediately preceding the incident which is the subject of this case through the present."[5] Plaintiff objected to this request, and contends in his response that this information is beyond the scope of discovery, privileged, and protected by the Health Insurance Portability and Accountability Act ("HIPAA").[6]

Interrogatory No. 5 asked Garnish to "identify all medical care providers from whom [he had] received services within ten (10) years preceding the alleged injury up to

---

[1] Doc. 40 at 2-3.

[2] Doc. 1 at 3.

[3] Doc. 35 at 21.

[4] *Id.* at 30.

[5] *Id.* at 21.

[6] *Id.* at 22.

-2-

the present date."[7] Garnish raised the same objections in his answer to this interrogatory as he did in his response to Request for Production No. 3.[8]

The parties met and conferred, pursuant to Federal Rule of Civil Procedure 37(a)(1), but were unable to resolve their differences. EYAK then moved to compel discovery of plaintiff's medical records regarding treatment for drug and alcohol abuse, mental illness, and HIV/AIDS within the last ten years.

### III. STANDARD OF REVIEW

The scope of discovery permitted by the Federal Rules of Civil Procedure is very broad.[9] Rule 26(b)(1) permits the discovery of "any non-privileged matter relevant to any party's claim or defense . . . ."[10] "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable."[11] Such "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[12] Professor Wright states that "[t]he rules . . . permit the broadest scope of discovery and leave it to the enlightened discretion of the district court to decide what restrictions may be necessary in a particular case."[13] The Ninth Circuit observes these principles and has emphasized that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth."[14]

---

[7]*Id.* at 17.

[8]*Id.* at 17-18.

[9]*Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

[10]Fed. R. Civ. P. 26(b)(1).

[11]Fed. R. Evid. 401.

[12]Fed. R. Civ. P. 26(b)(1).

[13]Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice and Procedure*, § 2001 at 44 (2d ed. 1994) ("*Wright*").

[14]*See Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995).

-3-

A party may seek a protective order precluding or limiting discovery of certain material. The court may issue such an order, for good cause, to prevent "annoyance, embarrassment, oppression, or undue burden or expense . . . ."[15] To establish good cause, a party must demonstrate a particular and specific need for the protective order.[16] This requires the moving party to "show some plainly adequate reason" for the order.[17] Absent a protective order, or privilege, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection[,]"[18] where another party has submitted "an evasive or incomplete disclosure, answer, or response . . . ."[19]

## IV. DISCUSSION

Garnish argues that medical records not related to the injuries to his hand and arm are not relevant. Garnish also argues that the material sought is privileged and that the Health Insurance Portability and Accountability Act ("HIPAA") bars disclosure of medical records unrelated to the injuries in question. Each of these contentions will be addressed in turn.

### A. The Discoverability of the Medical Records At Issue

The first question is whether medical records of treatment for substance abuse, HIV/AIDS or mental illness are relevant to either party's claims or defenses and thus discoverable. Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[20] To the extent that Garnish seeks recovery for permanent disability, future wage loss, lost earning capacity, anxiety, mental anguish,

---

[15] Fed. R. Civ. P. 26(c)(1).

[16] *Wright*, § 2035 at 484-86.

[17] *Wright*, § 2035 at 484.

[18] Fed. R. Civ. P. 37(a)(3)(B).

[19] Fed. R. Civ. P. 37(a)(4).

[20] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

-4-

psychological stress and future pain and suffering, evidence of treatment for substance abuse, HIV/AIDS, and mental illness is relevant. Records of past treatment for alcoholism or drug abuse, HIV/AIDS, and mental illness could have a direct bearing on the resolution of those claims and are therefore within the realm of permissible discovery.

**B. Psychotherapist-Patient Privilege**

The next question is whether information sought by EYAK, pertaining to Garnish's mental health, is privileged and thus immune from compelled discovery. Rule 26(b)(1) calls for disclosure of all "*non-privileged* matter that is relevant to any party's claim or defense. . . ."[21] In *Jaffee v. Redmond*,[22] the United States Supreme Court recognized the existence of a psychotherapist-patient privilege. The court found that "the mere possibility of disclosure [of the content of counseling sessions] may impede development of the confidential relationship necessary for successful treatment."[23] The court ultimately held "that confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure . . . ."[24] The court also noted that "[l]ike other testimonial privileges, the patient . . . may waive the protection."[25]

While the Supreme Court has not addressed the issue of precisely how the psychotherapist-patient privilege can be waived, "[n]umerous courts since *Jaffee* have concluded that, similar to attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue."[26] Garnish has put his

---

[21] Fed. R. Civ. P. 26(b)(1) (emphasis added).

[22] *Jaffee v. Redmond*, 518 U.S. 1 (1996).

[23] *Id.* at 10.

[24] *Id.* at 15.

[25] *Id.* at 15, n. 14.

[26] *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000).

-5-

mental health at issue, and thereby waived the psychotherapist-patient privilege to the extent that it applied.

### C. Applicability and Effect of HIPAA

The final question is whether the Health Insurance Portability and Accountability Act ("HIPAA")[27] bars compelled production of plaintiff's medical records of treatment for substance abuse, mental health, and HIV/AIDS. Garnish argues that HIPAA prevents disclosure of the medical records in question without an adequate protective order in place. EYAK argues that HIPAA authorizes disclosure of such records by a health care provider so long as a HIPAA-compliant release is obtained and submitted, that is, so long as Garnish signs the release that EYAK has provided.

EYAK's contention is correct insofar as it urges that HIPAA authorizes a health care provider to disclose protected medical records when the subject of those records has authorized their release. The corresponding regulations state that "a covered entity is permitted to . . . disclose protected health information . . . pursuant to and in compliance with a valid authorization under § 164.508[.]"[28] There is little doubt that EYAK's release is adequate under § 164.508, however, Garnish has refused to sign it.

A health care provider may, alternatively, disclose "protected health information . . . [i]n response to a . . . discovery request . . . that is not accompanied by an order of a court . . . if . . . [t]he covered entity receives satisfactory assurance . . . that the individual who is the subject of the protected health information . . . has been given notice of the request[.]"[29] Although Garnish has been given notice of the request, assurance that the subject of the records has received notice of the request will not

---

[27] Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-19, 110 Stat. 1936 (1996).

[28] 45 C.F.R. § 164.502(a)(1)(iv) (2007).

[29] 45 C.F.R. § 164.512(e)(ii)(A) (2007).

suffice when that party objects to their disclosure[30] or until "[a]ll objections . . . have been resolved by the court . . . ."[31]

In the second alternative, a medical care provider may disclose the protected information pursuant to a discovery request if the provider "receive[s] . . . satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order . . . ."[32] Satisfactory assurances can be made if "[t]he parties giving rise to the request for information have agreed to a qualified protective order and have submitted it to the court . . ."[33] or if "[t]he party seeking the protected health information has requested a qualified protective order from such court . . . ."[34]

A protective order will serve the stated ends of HIPAA if it "[p]rohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested"[35] and if it "[r]equires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding."[36]

Garnish argues that "the Court is required to balance the plaintiff's privacy rights against the defendant's discovery requests."[37] While clearly a basic function of HIPAA is to protect the confidentiality of individuals' health records, as the regulations suggest, it was not intended to circumvent Federal Rule 26 by shielding litigants from having to disclose relevant, discoverable information. The court declines to graft a balancing

---

[30]*See* 45 C.F.R. § 164.512(e)(iii)(C)(1) (2007).

[31]45 C.F.R. § 164.512(e)(iii)(C)(2) (2007).

[32]45 C.F.R. § 164.512(e)(ii)(B) (2007).

[33]45 C.F.R. § 164.512(e)(iv)(A) (2007).

[34]45 C.F.R. § 164.512(e)(iv)(B) (2007).

[35]45 C.F.R. § 164.512(e)(v)(A) (2007).

[36]45 C.F.R. § 164.512(e)(v)(B) (2007).

[37]Doc. 40 at 8.

requirement onto the discovery standards established by the Federal Rules of Civil Procedure. Despite contesting the records' existence, Garnish has requested a protective order. Such an order would adequately serve both his interest in maintaining the privacy of any such records and comport with HIPAA.

## V. CONCLUSION

For the reasons set forth above, defendant EYAK's motion to compel plaintiff to furnish complete responses to Interrogatory No. 5 and Request for Production No. 3 and to execute EYAK's Authorization to Disclose Health Information, authorizing the release of Garnish's medical records with respect to diagnosis or treatment for substance abuse, HIV/AIDS or mental illness is **GRANTED**. The parties shall submit a proposed protective order for the court's consideration on or before **June 13, 2008**. Garnish shall execute the release and deliver it to EYAK within five (5) days after the court issues the protective order.

DATED at Anchorage, Alaska, this 29th day of May 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

-8-

Case 1:07-cv-00008-JWS   Document 44   Filed 05/29/08   Page 8 of 8